IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC

        Case No. 8:12-CV-01421-MSS-AEP

    Plaintiff,
v.

JOHN DOES 1-45,

    Defendants.
_____/

**MOTION TO DISMISS/SEVER, FOR RECONSIDERATION, AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**

John Doe 8 (IP Address 71.180.180.49) by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 20, 26, and 45 moves to dismiss/sever for improper joinder and/or to quash the third-party subpoena or for a protective order and for reconsideration of this Court's order allowing early discovery.

**INTRODUCTION**

1)     Plaintiff alleges that Defendant John Doe 8, along with over twenty other unrelated Doe defendants, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 8 and the various other Doe defendants. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party internet service provider ("ISP") disclose identifying personal information of John Doe 8, as well as the other Defendants. (*See* **Exhibit A**). As explained below, the Court should sever and dismiss the Defendants for improper joinder. Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2)     Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take

advantage of the threat of statutory damages and the stigma associated with downloading pornographic movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3)   As the Fifth Circuit has recently explained, these plaintiffs carry out a "strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country." *Mick Haig Productions E.K. v. Does 1-160*, --- F.3d ---, 2012 WL 2849378 at *3 (5th Cir. July 12, 2012) (upholding sanctions against mass BitTorrent copyright plaintiff's attorney).

4)   Plaintiff's motion to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

5)   Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

   a.   **FIRST**, as recently determined in a seminal series of identical cases regarding this Plaintiff – Malibu Media – the joinder of multiple Defendants in this action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

   b.   **SECOND,** consistent with other rulings across the country in similar suits, the Court should reconsider its Order granting leave to serve third party subpoenas.

   c.   **THIRD**, Plaintiff's effort to identify potential infringers through an IP address creates an undue burden and expense.  The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person

whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that seeks private information solely for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

7)  John Doe 8 requests that the Court sever and dismiss the Defendants and refile against each John Doe in a separate action.  Furthermore, John Doe 8 requests that the Court issue a protective order and/or quash the Subpoena.

**ARGUMENT**

I.  **Plaintiff's Joinder of 45 Unrelated Defendants in this Action is Improper**

Plaintiff improperly joined as Defendants 45 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. The overwhelming trend of recent decisions across the nation – and particularly decisions regarding Malibu Media – conclude that joinder in cases such as this is improper and thus the Doe defendants must be severed from this suit. *E.g.*, *Malibu Media, LLC v. Does 1-14*, 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 8); *Malibu Media, LLC v. Does 1-24*, 2012 WL 3400703, Case No. 12-cv-2070 (D. Colo. August 14, 2012) (same); *Malibu Media, LLC v. Does 1-5*, 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012) (same); *Malibu Media, LLC v. Does 1-54*, 2012 WL 3030302, Case No. 12-cv-1407 (D. Colo. July 25, 2012) (same); *Malibu Media v. John Does 1-10*, Case No. 1:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012) (same), attached as **Exhibit B;** *Malibu Media v. John Does 1-10*, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory), attached as **Exhibit C**; *Malibu Media, LLC v. John Does 1–23,* ––– F.Supp.2d ––––, 2012 WL 1999640 (E.D.Va. May 30, 2012).[1] This Court

---

[1] In addition to the District of Colorado cases cited above, recent cases across the nation with the same holding include:
- *West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.*, D.E. 15, *Ruling*, Case 6:12-cv-01713 at *3 (WD La. August 17, 2012) (severing all Does other than Doe 8 and quashing all subpoenas to ISPs), attached hereto as **Exhibit D**;
- *Bubble Gum Productions, LLC v. Does 1-80*, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80);
- *In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *9* (E.D.N.Y May 1, 2012) (severing John Does);
- *Hard Drive Productions, Inc. v. Does 1-90,* 2012 WL 1094653 (N.D. Cal. March 30, 2012) (severing defendants and denying discovery);
- *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery);

should follow this prevailing trend and rule that joinder is improper. A favorable ruling to the Plaintiff, in contrast with the rulings occurring across the country, will almost certainly result in an additional avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a. Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants. *Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011) (holding that the relationship created through the BitTorrent protocol

---

- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*)
- *AF Holdings, LLC v. Does* 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); and
- *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97).

does not support joinder); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

As Courts considering Malibu Media's suits have recently concluded,

> Under the BitTorrent Protocol, it is not necessary that each of the Does . . . participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does . . . . Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Malibu Media,* 2012 WL 3030300 at *3 (internal quotations omitted) ("adopt[ing] the reasoning seth forth by Judge Claude Hilton in *Malibu Media, LLC v. John Does 1–23,* –– F.Supp.2d ––––, 2012 WL 1999640 (E.D.Va. May 30, 2012), Judge J. Frederick Motz in *Patrick Collins, Inc. v. Does 1–23,* 2012 WL 1144198 (D. Md. April 4, 2012), and Judge Joseph C. Spero in *Hard Drive Prods., Inc. v. Does 1–188,* 809 F.Supp.2d 1150 (N.D.Cal.2011)").

Perhaps more fundamentally, the *Malibu Media* Court made clear that, "**even if the Court had found joinder to be proper, it would sever the remaining Defendants pursuant to the Court's discretionary authority** set forth in Federal Rules of Civil Procedure 20(b) and 21." *Id.* (emphasis added); *see also Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery); *MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular

Case 8:12-cv-01421-MSS-AEP   Document 12   Filed 08/28/12   Page 7 of 12 PageID 171

defendant illegally shared the plaintiff's work with any other particular defendant).[2]

### b. **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…").

"The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve over forty defendants, each potentially proceeding with counsel or pro se, and eight additional ISP's; who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials). Court's reviewing Malibu Media's litigation methods have adopted this reasoning, holding that "allowing this action to proceed against all the John Doe Defendants in one case would result in

---

[2] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does 1-87*, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("[I]t is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identity of the Doe Defendants."). As outlined above, many Courts, including this one, have found it proper to consider the issue of joiner at this stage of the litigation, where a litigant is still being identified only by an IP Address. *E.g.*, *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery). Regardless, Courts have the power to, and regularly do, grant this relief *sua sponte*. *E.g.*, *Liberty Media Holdings,* 2011 U.S. Dist. LEXIS 126333 at *7-9 (severing defendants *sua sponte*).

difficult case management, cause significant prejudice to Defendants, and would be **fundamentally unfair**." *Malibu Media*, 2012 WL 3030300 at *3 (emphasis added).

## II.     The Court Should Reconsider Its Order Allowing Plaintiff to Seek Discovery Related to Multiple Defendants in a Single Action

In a substantial waive of recent identical cases, Courts across the country have rejected similar plaintiffs' efforts to take early discovery of unrelated Defendants in a single action or else decided to rescind such authorization after considering motions to quash as *de facto* motions for reconsideration. *See e.g.*, *Bubble Gum Productions*, 2012 WL 2953309 (severing Does 2-80 and revoking discovery); *Malibu Media*, Case No. 1:12-cv-3623, Exh. C; *Malibu Media,* Case No. SACV 12-649, [DE 8], Exh. C; *First Time Videos, LLC v. Does 1-46*, Case No. 11-cv-04431 (S.D. Tex. June 8, 2012) (holding that the plaintiff in a BitTorrent case abused its opportunity for discovery and requiring the plaintiff to destroy all information obtained via the subpoena process), attached hereto as **Exhibit E;** *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (E.D.N.Y May 1, 2012) (holding that joinder was improper and discussing the defects of BitTorrent cases).   Thus this Court should join this emerging body of law and hold that a "Doe Defendants' decision to obtain the BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences." *Bubble Gum*, 2012 WL 2953309 at * 6.

 The same concerns addressed by this series of cases are present in this matter.  As discussed below, joinder of the Defendants in these actions does not meet the requirements of Rule 20.  Furthermore, the potential for abuse of the sought information by Plaintiff in carrying out its settlement demand scheme is very high.

## III.    The Court Must Issue a Protective Order and/or Quash the Subpoena

### a. The Court Has the Authority to Control Discovery

8

As a threshold matter, the Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. *Farnsworth*, 758 F.2d at 1548.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be tried before the Court. *See, e.g., Straily v. UBS Financial Servs., Inc.,* 2008 WL 5378148 (D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe,* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In Best Western, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's " 'discovery rights [in other districts] can rise no higher than their level in the district of trial.' " Id. (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id*. The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants.

### b. The Subpoena Must Be Quashed

As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing

9

activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena.

Indeed, a plaintiff's inaccurate portrayal of the facts required to identify infringers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'

> As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly create an undue burden by allowing Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair

settlement tactics. *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

Courts addressing these mass copyright infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe, 2011,* U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness."). The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'" *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11. As a result, the subpoena at issue must be quashed. *West Coast Productions, Inc.*, Case 6:12-cv-01713, Exh. B at *3 (quashing all subpoenas to ISPs).

## CONCLUSION

Defendant John Doe 8 requests that the Court sever and dismiss all Defendants. Defendant John Doe 8 further requests that the Court reconsider its order granting early discovery, issue a protective order, and/or quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.: 0016244

> danny@lslawpl.com
> Kubs Lalchandani
> Florida Bar No.: 63966
> kubs@lslawpl.com
> 25 SE 2nd Ave, Suite 1050
> Miami, Florida 33131
> Tel:    (305) 999-5291
> Fax:    (305) 671-9282
> *Attorneys for John Doe 8*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that the undersigned counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised, but that opposing counsel did not agree to the relief sought.

> By: /s/ Daniel J. Simon
>      Danny Simon, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of August 28, 2012.

> By: /s/ Daniel J. Simon
>      Danny Simon, Esq.